# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50869
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORMAN GAMONEDA-ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-515-2

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Norman Gamoneda-Romero pleaded guilty to conspiracy to possess with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846, and he was sentenced to 70 months of imprisonment and three years of supervised release. Gamoneda-Romero pleaded guilty pursuant to a plea agreement in which he waived the right to appeal his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50869

Gamoneda-Romero argues that the Government breached the plea agreement by seeking an upward adjustment for obstruction of justice because his "reasonable understanding of the plea agreement was that the base offense level was 22 based on the amount of marijuana." The Government contends that it was not precluded by the plea agreement from supporting the adjustment because it specifically reserved the right to dispute material facts and sentencing factors involved in calculating his guidelines range.

Although Gamoneda-Romero waived his right to appeal his sentence in his plea agreement, we have held that the breach of the agreement renders the agreement, including an appeal waiver, void. *United States v. Keresztury*, 293 F.3d 750, 755-57 (5th Cir. 2002). Whether the Government breached a plea agreement is generally a question of law subject to de novo review, but in this case, our review is limited to plain error because Gamoneda-Romero did not raise the breach issue in the district court. *See United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). Thus, he must show a clear or obvious error that affected his substantial rights, and we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

According to Gamoneda-Romero, the parties stipulated that the offense involved 93.51 kilograms, and he contends that, because this quantity would set his base offense level at 22, the government breached the agreement by seeking a two-level increase for obstruction of justice. He contends that his "reasonable understanding of the plea agreement was that the base offense level was 22 based on the amount of marijuana."

We cannot agree that it was reasonable for Gamoneda-Romero to believe that the agreement included a term stating that his offense level would be 22 or that the government was precluded from seeking any enhancement above

2

an offense level of 22.  *See Hinojosa*, 749 F.3d at 413.  The plea agreement does not reference any specific offense level or preclude the government from seeking any adjustments, although it does preclude it from opposing an adjustment for acceptance of responsibility.  Furthermore, the agreement expressly allows the government to contest the material facts and sentencing factors in the presentence report and also warns that any estimate of a particular sentence is uncertain.  Gamoneda-Romero has therefore failed to establish any clear or obvious breach of the plea agreement.  *See id.*

The government argues that the appeal waiver should be enforced and the appeal should be dismissed.  In the absence of a breach of the plea agreement, the appeal waiver is enforced to preclude consideration of Gamoneda-Romero's challenge to his sentence.  *See Keresztury*, 293 F.3d at 756-57.  But because he had the right to appeal for the purpose of challenging the appeal waiver based on a breach of the plea agreement, we do not dismiss the appeal, but we affirm the judgment of the district court.  *See United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010).